IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JODY SARGENT,<br><br>                       Plaintiff,<br>v.<br><br>UTAH STATE OFFICE OF<br>REHABILITATION, et al.,<br><br>                       Defendants. | MEMORANDUM DECISION AND ORDER MOOTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS<br><br>Case No. 1:18-cv-44 BCW<br><br>Magistrate Judge Brooke Wells |

The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. 636(c).[1] Pending before the court are two motions filed by Defendants. A Motion to Dismiss for Lack of Jurisdiction[2] and a Partial Motion to Dismiss.[3] As set forth below the court will moot Defendants first motion and grant the second partial motion to dismiss. The court further orders a response by Plaintiff to arguments made by Defendants in their reply memorandum.

### BACKGROUND

Plaintiff, Jody Sargent, was employed by the Utah State Office of Rehabilitation (USOR) as a "Career Exploration Counselor"[4] and a "Vocational Rehabilitation Counselor."[5] In 2015 after transferring to the Ogden USOR office, Ms. Sargent was placed on a Performance Improvement Plan (PIP). Shortly after receiving the PIP, Plaintiff informed the ADA Coordinator, Stacy Cummings, that she suffers from Post-Traumatic Stress Disorder (PTSD).

---

[1] ECF No. 12.

[2] ECF No. 7.

[3] ECF No. 17.

[4] Amended Compl. ¶ 31.

[5] *Id.* ¶ 32.

Plaintiff requested a different supervisor than her current one at that time, Laura Fink, due to an "abrasive management style that made it difficult for Ms. Sargent to complete her work."[6] The request was denied. The working relationship between Ms. Sargent and her supervisor continued to decline until eventually in April 2016, "Ms. Fink moved to another office and USOR assigned Ms. Sargent a new supervisor, Sherry Richardson."[7] The working relationship between Ms. Richardson and Ms. Sargent did not take long until it also deteriorated. Eventually near the end of July 2016, "Ms. Sargent was fired."

Ms. Sargent brings claims for: retaliation; retaliatory discharge; intentional inflection of emotional distress; negligent employment, training and supervision; intentional interference with economic relations; discrimination based on disability in violations of the rehabilitation act. With that background the court turns to Defendants motions to dismiss.

I.   **Defendants' Motion to dismiss Plaintiff's Complaint[8]**

Defendants USRO, State of Utah and Laura Fink first moved to dismiss Plaintiff's original Complaint under Federal Rules 12(b)(1) and 12(b)(6). Defendants made two primary arguments. First, this court lacks subject matter jurisdiction and second, the Complaint failed to state a claim for relief.

In response to that motion Plaintiff argued Defendants' motion should be denied in part and granted in part because "Defendant's sovereign immunity argument has been mooted by Plaintiff's First Amended Complaint."[9] "Plaintiff concedes that a Plaintiff does not have jurisdiction to bring state law claims against Laura Fink because a notice of claims was not filed

---

[6] *Id.* ¶ 48.

[7] *Id.* ¶ 89.

[8] The motion is filed on the docket as Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF no. 7.

[9] Op. p. 1, ECF No. 16.

2

in conformance with the Utah Governmental Immunity Act of 1967."[10]  Ms. Sargent further "concedes that Utah's sovereign immunity precludes claims under the Americans with Disabilities Act of 1990 (ADA) and the Age Discrimination in Employment Act of 1967 (ADEA)."[11]  Thus, Plaintiff filed her First Amended Complaint on June 12, 2018, removing all claims under the ADA and ADEA.  In the Amended Complaint Plaintiff invokes jurisdiction under the Rehabilitation Act of 1973.[12]  Finally, Plaintiff agrees that any state law claims made against Laura Fink are precluded because Plaintiff failed to timely file a notice of claim.

Considering the filing of Plaintiff's Amended Complaint, the court will deem Defendants' Motion to Dismiss Complaint MOOT.

**II.     Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint**

After Plaintiff filed her First Amended Complaint, Defendants filed a partial motion to dismiss.[13]  Defendants seek to "dismiss with prejudice Counts III, IV and V of Plaintiff's First Amended Complaint."[14]  In response, Plaintiff agrees that "Counts III, IV and V of Plaintiff's First Amended Complaint should be dismissed."[15]  Plaintiff acknowledges that the "state law claims against Defendants are precluded because Ms. Sargent did not timely file a notice of claim."[16]

Accordingly, Counts III, IV, and V of Plaintiff's First Amended Complaint, for intentional infliction of emotional distress, negligent employment, training and supervision, and intentional interference with economic relations are DISMISSED.

---

[10] *Id.*

[11] *Id.* p. 3.

[12] *See id.*; *see also* 42 U.S.C. § 2000d-7(a)(1).

[13] ECF No.

[14] Partial Motion to Dismiss p. 4, ECF No. 17.

[15] Op. p. 1, ECF No. 19.

[16] *Id.* p. 4.

In its reply brief, Defendants argue that because "individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act, Ms. Fink, in her individual capacity, should be dismissed as a party to this lawsuit."[17] Defendants cite to *Montez v. Romer*,[18] a decision from the District of Colorado, as support for their argument. In *Montez*, the court held that "individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the Disability Act."[19]

The court typically does not consider issues and arguments raised for the first time in a reply brief, because an opposing party does not have an opportunity to respond to them.[20] It would be patently unfair to consider such arguments and not afford Plaintiff an opportunity to respond. Accordingly, Plaintiff is hereby given an opportunity to file a sur-reply within fourteen (14) days from the date of this order. Plaintiff is to respond to Defendants arguments concerning the dismissal of Ms. Fink.

ORDER

For the above set forth reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction is deemed MOOT.

IT IS FURTHER ORDERED that Defendants' Partial Motion to Dismiss is GRANTED and Counts III, IV and V of the Amended Complaint are DISMISSED.

Finally, it is ORDERED that Plaintiff file a sur-reply within fourteen (14) days from the date of this order addressing Defendants' arguments regarding Ms. Fink.

IT IS SO ORDERED.

---

[17] Reply p. 2, ECF No. 20.

[18] 32 F.Supp.2d 1235 (D. Colo. 1999).

[19] *Id.* at 1241.

[20] *See ElHelbawy v. Pritzker*, 663 F. App'x 658, 662, 2016 WL 5947456 (10th Cir. 2016); *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003); *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1245 (D. Kan. 2012).

DATED this 17 September 2018.

_____
Brooke C. Wells
United States Magistrate Judge